**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DOYLE HEARD,**

    **Plaintiff,**

**vs.**                                                           **CASE NO. 4:06cv510-MMP/AK**

**STATE OF FLORIDA, et al,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause of action under 42 U.S.C. §1983 seeking a declaratory judgment as to his correct sentence calculation and release date. (Doc. 1). For the following reasons, the undersigned is of the opinion that this cause should be dismissed and that the clerk should note on the docket that this constitutes a third strike under 28 U.S.C. §1915(g).

**I.**    **Allegations of the complaint (doc. 1)**

Plaintiff was convicted on August 4, 1981, and sentenced to 15 years to be served consecutively to a term of 50 years. Plaintiff alleges that he served six years on the 15 year sentence, and was two years into the 50 year sentence when certain state legislation altered the computation of sentencing and calculation of good time. This change in legislation allegedly resulted in an additional 36 years to his initial release date of 2003. Plaintiff was paroled in 1999, which was revoked and Plaintiff was

returned to DOC custody in 2001.[1]  He concedes that he has litigated these issues in both state court and federal court to no avail.  (Doc. 1, p. 5).  His claims in this lawsuit include challenges to the probable cause for his revocation in 1999, Ex Post Facto and Due Process issues with regard to application of the gain time legislation, and a claim of involuntary servitude under the Thirteenth Amendment.

Plaintiff has attached his voluminous efforts to get administrative relief, which includes the DOC's calculations and explanations for the department's calculations of his release date.  (Doc. 1, Exhibits).

## II.    Standard of Review

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is

---

[1] Some facts were obtained from a Report and Recommendation entered in Case No. 3:04CV212-RV/MD.  (Doc. 27).

**No. 4:06cv510-mmp/ak**

quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

### III. Analysis

The undersigned is of the opinion that the relief sought is outside the scope of 28 U.S.C. §2201, which grants federal courts declaratory judgment power to "declare the rights and other legal relations of any interested party seeking such declaration..." Plaintiff is not seeking a determination of his right to release, which would be a habeas cause of action, nor is he claiming that the DOC has not calculated a release date. He disagrees with those calculations and requests that this Court re-calculate his sentence and presumably derive from those calculations a correct, *i.e.* earlier release date.

It is well established law that federal courts are reluctant to interfere in the management of prisons, except in extreme circumstances. Young v. Wainwright, 449 F.2d 38 (5th Cir. (Fla) 1971). The involvement of federal courts in the day-to-day management of prisons often results in the squandering of judicial resources with little benefit and runs counter to the general and widespread view that federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment. Sandin v. Connor, 515 U.S. 472, 483 (1995).

Calculating sentence and release dates is not the function of this court nor is oversight of these types of prison management responsibilities absent allegations of constitutional violations attendant to these calculations. Such violations are typically

**No. 4:06cv510-mmp/ak**

habeas in nature since a finding in the inmate's favor would necessarily affect the duration of his incarceration. Indeed, Plaintiff has litigated these very issues in a habeas action in this court. See Case No. 3:04CV212 (Plaintiff raised issues regarding the constitutionality of the revocation proceedings, as well as ex post facto and due process issues regarding the state legislation that was applied to his sentence resulting in some gain time loss and a longer release date).[2]

The undersigned in not persuaded by Plaintiff's clever characterization of his claims and relief that this lawsuit is not actually seeking habeas relief. Certainly, Plaintiff is requesting that this court recalculate his release date so that he may be released *sooner* than the DOC plans to release him, and habeas corpus is the exclusive remedy for a state prisoner who seeks a speedier release. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973). Prisoners may not seek to reduce their period of confinement through a civil rights action. Id., at 499. Further, Plaintiff's complaints about his release date appear to be based on a disagreement he has with DOC about the restoration of certain gaintime, and this is clearly an attack on the length of confinement which is a *habeas corpus* claim and may only be litigated through the filing of a habeas petition under 28 U.S.C. § 2254. *Id.* Since Plaintiff has litigated these issues in at least one habeas petition, the issue of *res judicata* is also applicable to bar these claims.

---

[2] Plaintiff has filed at least four habeas actions in this district (Case Nos. 3:04CV212, 3:04CV222, 4:03cv100, and 4:06cv193) and five others in the Middle District. (Case Nos. 3:89CV275, 3:94CV1041, 3:03CV399, 3:04cv404). Plaintiff has also filed numerous section 1983 cases, at least two cases of which have been dismissed as frivolous. (Case No. 4:94CV40275 and Case No. 4:94CV40311).

**No. 4:06cv510-mmp/ak**

Finally, Plaintiff's Thirteenth Amendment claim of involuntary servitude has not been exhausted nor is it viable. See Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998) (exhaustion is mandatory and may not be waived). Further, it is fairly decided among federal courts that there is no constitutional right to be compensated for labor in the prisons. Siglar v. Lowrie, 404 F.2d 659, 661 (8th Cir. 1969), *cert denied* 395 U.S. 940 (1969); Manning v. Lockhart, 623 F.2d 536 (8th Cir. 1980); Woodall v. Partilla, 581 F.Supp 1066 (D.C. Ill. 1984); and Borror v. White, 377 F.Supp. 181 (D.C. Va. 1974).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and constitutes a "third strike" pursuant to 28 U.S.C. §1915(g).

**IN CHAMBERS** at Gainesville, Florida, this **16th** day of January, 2007.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and

No. 4:06cv510-mmp/ak

**recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:06cv510-mmp/ak**